# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEITH THOMAS,                           )
                                        )
          Plaintiff,     )
                                        )
       v.                        )        Civil No. 07-0069 (CKK)
                                        )
                                        )
FEDERAL COMMUNICATIONS                  )
COMMISSION,                             )
                                        )
         Defendant.      )
_____ )

## DEFENDANT'S MOTION TO DISMISS
## OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendant Federal Communications Commission ("FCC"), by and through its undersigned counsel, hereby submits this motion to dismiss or, in the alternative, for summary judgment. In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities, the attached declarations,[1] and the entire record in this case.

*Pro se* Plaintiff is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.3d 507, 509 (D.C. Cir. 1988).

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

---

[1] The Declarations of Shoko B. Hair, Attachment 1, and Tom D. Shirley, Attachment 2, of the FCC are attached.

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KEITH THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-0069 (CKK) |
| | ) | |
| | ) | |
| FEDERAL COMMUNICATIONS | ) | |
| COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STATEMENT OF MATERIAL FACTS AS**
**TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Rules 7(h) and 56.1, Defendant Federal Communications Commission

("FCC") hereby submits this statement of material facts as to which there is no genuine issue:

1.      On or around January 12, 2007, Plaintiff filed a complaint naming the FCC, John

Doe, Chief Commissioner, as a defendant.  Docket Entry 1.

2.      On April 5, 2007, the Court dismissed John Doe as the defendant and substituted

the FCC as the defendant.  Docket Entry 8.

3.      Neither the FCC's computerized database nor its non-electronic files contain any

record of the FCC having received a FOIA request from Plaintiff.  The computerized database

contains information concerning FOIA requests dating back to approximately January, 1993.

The non-electronic files contain information concerning FOIA requests dating back to

approximately August, 2002.  Hair Decl. ¶¶ 2-4.

4.      By letter dated December 13, 2005, Plaintiff requested information from the FCC

concerning, *inter alia*, the procedures for "obtaining an FCC license for radio and cable

network." Hair Decl. ¶ 5; Shirley Decl., Exhibit 1. FCC staff determined that, according to the

FOIA statute, 5 U.S.C. § 552, and the FCC's FOIA regulations, 47 C.F.R. §§ 0.441-0.470,

Plaintiff's letter did not constitute a FOIA request, but rather "a request for information and/or a

general inquiry," that was properly directed to the FCC's Consumer and Governmental Affairs

Bureau ("CGB"). Hair Decl. ¶ 5.

5.     The Plaintiff's December 13, 2005 letter was forwarded to CGB for a response.

Hair Decl. ¶ 5.

6.     By letter dated January 4, 2006, CGB provided Plaintiff with responsive

information regarding, *inter alia*, how to obtain an FCC license for a radio and cable network.

Shirley Decl. ¶¶ 1, 2 and Exhibit 2.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KEITH THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 07-0069 (CKK) |
| | ) | |
| | ) | |
| FEDERAL COMMUNICATIONS | ) | |
| COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY, FOR SUMMARY JUDGMENT

### INTRODUCTION

Defendant Federal Communications Commission ("FCC"), by and through its undersigned attorney, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules"), hereby respectfully moves to dismiss Plaintiff's complaint because Plaintiff's only conceivable proper cause of action based upon the facts alleged is under the FOIA and Plaintiff failed to exhaust his administrative remedies prior to filing this suit, as required by the FOIA. Alternatively, pursuant to Rule 56 of the Federal Rules, Defendant moves for summary judgment on the grounds that no genuine issue as to any material fact exists and Defendant is entitled to judgment as a matter of law.[2]

---

[2]    Plaintiff should take notice that any factual assertions contained in the affidavits in support of this motion will be accepted by the Court as true unless plaintiff submits his own declaration or other documentary evidence contradicting the assertions in the attached affidavits. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provide as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall

# BACKGROUND

*Pro se* Plaintiff Keith Thomas, a prisoner "confine[d] in the California Department of Correction[s]," brings this suit pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>,[3] the Administrative Procedures Act ("APA"), the Federal Torts Claims Act ("FTCA"), the Fourteenth Amendment, and the Freedom of Information Act ("FOIA") seeking "a copy of the C.F.R. and F.C.C.R." Compl at 1-2.

Plaintiff alleges that he is a party to a class action lawsuit against U.S. Sprint Corporation in another court, involving allegations of "Sprint making misleading and deceptive statement[s] regarding the regulatory fee, Sprint breached [ ] it's contract, charging the regulatory fee, hiding a high rate increase in the monthly billing statement, and collecting the regulatory fees." Compl at 2. He further alleges that he sent a letter to the FCC requesting "a copy of the C.F.R. and F.C.C.R.," which he maintains that he requires in order to pursue his class action litigation. <u>Id</u>. Finally, he maintains that he has been deprived of the "right to obtain a copy of the C.F.R. and

---

set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

[3]    403 U.S. 388 (1971).

F.C.C.R. through the Freedom of Information Act."[4]  Id.

Plaintiff seeks injunctive relief and asks the Court to order the FCC to provide him with a copy of the C.F.R. and the F.C.C.R. and to further order FCC to resolve his dispute with Sprint. Compl at 3.

## STANDARD OF REVIEW

### A.    Motion to Dismiss

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'" Gardner v. U.S., No. Civ. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987); see also 4 Wright & Miller:  Federal Prac. & Proc. § 1350 (R12)(2002 Supplement)("...subject matter jurisdiction deals with the power of the court to hear the plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power.")  A court may resolve a motion to dismiss brought pursuant to Rule 12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.  Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to determine the existence of jurisdiction, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence.  See id.; see also

---

[4]    In Thomas v. United States Customs and Border Protection, et al, civil action no. 05-2362 (CKK), this same Plaintiff previously filed another complaint against the FCC and other defendants involving similar issues and allegations.  On September 22, 2006, the Court dismissed that complaint.  Docket Entry 22.  In Thomas v. Federal Aviation Administration, et al, Plaintiff brought another FOIA complaint against the FCC and other defendants.  This matter was dismissed on January 27, 2007.  Thomas v. Federal Aviation Admin, 2007 WL 219988 (D.D.C. 2007).

Cureton v. United States Marshal Service, 322 F. Supp.2d 23, 2004 WL 1435124, *2 (D.D.C. June 28, 2004).

In reviewing motions to dismiss based on Rule 12(b)(6), the court "must treat the complaint's factual allegations as true, [and] must grant [the] plaintiff the benefit of all reasonable inferences from the facts alleged . . . ."  Gilvin v. Fire, 259 F.3d 749, 756 (D.C. Cir. 2001).  Additionally, the court may grant the dismissal only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Under this standard of review, it is evident that Plaintiff's case should not survive this motion.

### B.    Summary Judgment

Summary judgment is appropriate when, as here, the pleadings, together with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); Alveska Pipeline Serv. Co. v. EPA, 856 F.2d 309, 313 (D.C. Cir. 1988) (conflict in declarations alone insufficient to preclude entry of summary judgment); Weisberg v. Dep't of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).  The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); Dep't of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989).  In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith.  Oglesby v. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979).  Once the Court determines that the

4

declarations are sufficient, it need not inquire further.  <u>Students Against Genocide v. Dep't of State</u>, 257 F.3d 828, 833 (D.C. Cir. 2001).

## ARGUMENT

### A.    Plaintiff Raises Only a FOIA Claim

Plaintiff alleges violations under <u>Bivens</u>, the APA, the FTCA, and FOIA, though he fails to set forth any coherent, factual basis for most of these claims.[5]  To the extent, however, that his sparse allegations can be reasonably discerned, it appears that Plaintiff is actually bringing only a FOIA claim.

Plaintiff asserts that he is seeking relief because of his inability to obtain certain records that he allegedly requested from the FCC, specifically "a copy of the C.F.R. and F.C.C.R." Compl at 2.  The proper vehicle for an individual to request records from a government agency is the FOIA.  If an individual is dissatisfied with an agency's response to his request, his remedy is to pursue an action under the FOIA in federal district court.  <u>Valencia-Lucena v. U.S. Coast Guard</u>, 180 F.3d 321, 326 (D.C.Cir.1999).

"FOIA established a comprehensive statutory scheme to resolve all issues associated with

---

[5]    With regards to his APA claim, Plaintiff appears to allege that the FCC's failure to address his issues regarding Sprint's alleged improper business practices somehow constitutes a violation of the APA.  To the extent Plaintiff intends to raise such an issue, Plaintiff's allegations fail to state a claim.  A court can review an agency's failure to take a final action "where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*. " <u>Norton v. S. Utah Wilderness Alliance</u>*,* 542 U.S. 55, 124 S.Ct. 2373, 2379 (2004) (emphasis added).  In the instant case, Plaintiff's sparse complaint does not cite any law, statute, regulation, or other authority that establishes any discrete actions that the FCC was required to take with regard to any of his allegations involving Sprint.

With regards to his FTCA claim, Plaintiff also does not allege that he has exhausted necessary administrative remedies under the FTCA, which is a prerequisite to bringing an FTCA claim.  <u>GAF Corp. v. United States</u>, 818 F.2d 901, 904-05 & n.6 (D.C. Cir. 1987).

the release of documents." Johnson v. Exec. Office for U.S. Attorneys, 310 F.3d 771, 777 (D.C.

Cir 2002). When a plaintiff's claims are encompassed within the remedial scheme of FOIA,

courts have concluded that a Bivens remedy is not appropriate. Id; Spagnola v. Mathis, 859 F.2d

223, 228 (D.C. Cir 1988)(en banc) (no Bivens remedy available if a statute provides a

"comprehensive system to administer public rights"). Cf. Griffin v. Ashcroft, No. 02-5399, 2003

WL 22097940, *1-2 (D.C. Cir. Sept 3, 2003) (affirming dismissal of constitutional claims

because "they are encompassed within the remedial scheme of the Privacy Act"). In Schweiker

v. Chilicky, 487 U.S. 412, 423 (1987), the Court indicated that when the design of a government

program suggests that Congress has provided what it considers adequate remedial mechanisms

for constitutional violations that may occur in the course of its administration, additional Bivens

remedies are not created. See Bush v. Lucas, 462 U.S. 367, 368 (1983)(courts should refrain

from implying a Bivens remedy when 'special factors' counseling hesitation, such as

Congressionally-provided remedies for constitutional violations, are present.") See also Chung

v. Dep't of Justice, 333 F.3d 273, 275 (D.C. Cir. 2003); Sinclair v. Hawke, 314 F.3d 934, 939-40

(8th Cir. 2003). This same rule applies to APA actions. See Sierra Club v. Dep't of Interior, 384

F.Supp.2d 1, 30 (D.D.C. 2004) (an APA claim is precluded where a remedy under FOIA is

available); see also Edmonds Inst. v. U.S. Dep't of Interior, 383 F.Supp.2d 105, 111 (D.D.C.

2005) (APA review unavailable when another statute provides adequate remedy). Even if the

remedies available in FOIA and appellate review were somehow deemed inadequate to address

Plaintiff's alleged harms, their mere existence is sufficient reason for the courts not to create a

Bivens cause of action.

    Here, Plaintiff's claims are properly addressed by the detailed procedures available to all

6

requesters under FOIA.  See Brooks v. Bureau of Prisons, No.Civ.A. 04-0055, 2005 U.S. Dist. LEXIS 4453, *1 (D.D.C. March 17, 2005).  Therefore, Plaintiff's claim properly falls under FOIA and his Bivens and other claims must be dismissed.[6]

### B.    Plaintiff Fails To State An Actionable FOIA Claim

Plaintiff alleges that he "file[d] [a] letter to the defendant John Doe, Chief Commissioner" and that he "requested by his letter a copy of the C.F.R. and F.C.C.R." Compl at 2.  A government agency's duty to respond to a FOIA request with all applicable timing deadlines, is triggered by an agency's receipt of a request that complies with the applicable statutory and agency regulations.  See 5 U.S.C. § 552 (a)(6)(A).  Once a FOIA request is received, certain administrative exhaustion requirements must be satisfied before a requester may file suit in federal court.  However, in this case, Plaintiff never filed a FOIA request with the FCC for the records at issue, see Hair Decl., thus Plaintiff has clearly failed to exhaust his administrative remedies before filing this suit.

FOIA requires Federal agencies to make their records promptly available to any person who makes a proper request for them.  See FOIA Update, Vol. XIX, No.3, at 4.  Until an agency (or the proper component of that agency) receives a FOIA request, it is not obligated to search for responsive records, meet time deadlines, or release any records.  Blackwell End v. EEOC, 1999 U.S. Dist. LEXIS 3708, at 6 (E.D.N.C. Feb. 12, 1999) ("The time period for responding to a FOIA request . . . does not begin to run until the request is received by the appropriate office and officer in the agency, as set forth in the agency's published regulations."); see also Judicial

---

[6]    To the extent that Plaintiff asserts any proper Bivens claims, the FCC would nevertheless be immune from suit.  See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (sovereign immunity bars Bivens claims against federal agencies).

Watch, Inc. v. U.S. Dep't of Justice, No. 97-2089, slip op. at 10-11 (D.D.C. July 14, 1998) (finding that the court was without jurisdiction when plaintiff filed complaint prior to lapse of statutory time limit); cf. Soghomonian v. U.S., 82 F. Supp. 2d 1134, 1138 (E.D. Cal. 1999) (holding that 20-day time period for responding to administrative appeal begins when agency receives appeal, not when requester mails it).

FOIA requesters may not attempt to "leapfrog" over the substantive steps in the administrative process without first exhausting all administrative remedies.  Tuchinsky v. Selective Serv. System, 418 F.2d 155, 158 (7th Cir. 1969).  Indeed, where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to ready dismissal for lack of subject matter jurisdiction.  See, e.g., Dettmann v. Dep't of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1982); Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986); Brumley v. Dep't of Labor, 767 F.2d 444, 445 (8th Cir. 1985).

In the instant case, the FCC has no record of receiving any FOIA request from the Plaintiff.  Hair Decl. ¶ 4.  A search of both its computerized database, which contains FOIA requests dating back to January, 1993, and its non-electronic files, which contains requests dating back to August, 2002, reveals no such requests from the Plaintiff.  Id.  Though the FCC did receive a December 13, 2005 letter from the Plaintiff, that letter did not request "a copy of the C.F.R. and F.C.C.R.," nor did it constitute a FOIA request.  Id. at ¶ 5.  See also Shirley Decl, Exhibit 1.  Even if this Court were to determine that this December 13, 2005 letter did constitute a proper FOIA request, the FCC already responded to that letter on January 4, 2006, providing the Plaintiff with responsive information.  Id.

8

Moreover, even had Plaintiff filed a FOIA request with the FCC for "a copy of the C.F.R. and F.C.C.R.," the FCC would have no obligation to provide the requested records. A request for "a copy of the C.F.R. and F.C.C.R." is unspecific on its face, and thus does not reasonably describe the records requested, *e.g.*, a particular section of the code of federal regulations. See 5 U.S.C. § 552(a)(3)(A).

In any case, the Plaintiff has never made a proper FOIA request upon Defendant for the records that he seeks. Thus, there is no basis for Plaintiff to maintain a FOIA action against the FCC and his claim should be dismissed. Alternatively, summary judgment should be granted in Defendant's favor.

## CONCLUSION

For reasons stated herein, the Court should grant Defendant's motion to dismiss or enter summary judgment in favor of the FCC and dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150 (telephone)
(202) 514-8780 (facsimile)

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 22nd day of June, 2007, the foregoing motion was

mailed postage prepaid to:

   Keith Thomas
   CDCT-67081
   Corcoran State Prison
   S.H.U. 4-A-2-r Cell-21
   P.O. Box 3476
   Corcoran, California  93212

      /s/
      QUAN K. LUONG
      Special Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **KEITH THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 07-0069 (CKK)** |
| | ) | |
| | ) | |
| **FEDERAL COMMUNICATION** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**TABLE OF AUTHORITIES**

**Cases**                                                                 **Page**

Alveska Pipeline Serv. Co. v. EPA, 856 F.2d 309 (D.C. Cir. 1988)  .................................. 4

Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S.
      388 (1971)....................................................................................................2, 5, 6, 7

Blackwell End v. EEOC, 1999 U.S. Dist. LEXIS 3708 (E.D.N.C. Feb. 12, 1999) ............. 6

Brooks v. Bureau of Prisons, No.Civ.A. 04-0055, 2005 U.S. Dist. LEXIS 443, *1
      (D.D.C. March 7, 2005) ........................................................................... 6

Brumley v. Dep't of Labor, 767 F.2d 444 (8th Cir. 1985)  .................................. 8

Bush v. Lucas, 462 U.S. 367, 368 (1983)............................................................. 5

Chung v. Dep't of Justice, 333 F.3d 273 (D.C. Cir. 2003)  ............................... 6

Conley v. Gibson, 355 U.S. 41 (1957)  ............................................................. 4

Cureton v. U.S. Marshal Service, 322 F.Supp.2d 23 (D.D.C. 2004)  ................................ 4

Dep't of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749 (1989) ...... 4

Dettman v. Dep't of Justice, 802 F.2d 1472 (D.C. Cir. 1986)  .......................................... 8

Edmonds Inst. v. U.S. Dep't of Interior, 383 F.Supp.2d 105, 111 (D.D.C. 2005) ................6

GAF Corp. v. United States, 818 F.2d 901, 904-05 & n.6 (D.C. Cir. 1987)......................... 5

Gardner v. U.S., No. Civ.A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999),
         aff'd 213 F.3d 735 (D.C. Cir. 2000)  ....................................................... 3

Gilven v. Fire, 259 F.3d 749 (D.C. Cir 2001)  ................................................... 4

Griffin v. Ashcroft, No. 02-5399, 2003 WL 22097940, *1-2 (D.C. Cir. Sept 3, 2003)........ 5

Haase v. Sessions, 835 F.2d 902 (D.C. Cir. 1987)  ............................................. 3

Harlow v. Fitzgerald, 457 U.S. 800 (1982)  ...................................................... 5

Hayden v. National Security Agency, 608 F.2d 1381 (D.C. Cir. 1979)  ........................... 4

Herbert v. National Academy of Science, 974 F.2d 192 (D.C. Cir. 1992)  ....................... 3

Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421 (9th Cir. 1986)  ............................. 8

Johnson v. Exec. Office of U.S. Attorneys, 310 F.3d 771 (D.C. Cir. 2002)  ..................... 5

Judicial Watch, Inc. v. FBI, 190 F.Supp.2d 29 (D.D.C. 2002)  ...........................7-8

Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992)  ................................................... 1

Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 124 S.Ct. 2373, 2379 (2004)............ 5

Oglesby v. Dep't of Army, 920 F.2d 57 (D.C. Cir. 1990)  ................................... 4

Schweiker v. Chilicky, 487 U.S. 412 (1987)  ..................................................... 5

Sierra Club v. Dep't of Interior, 384 F.Supp.2d 1, 30 (D.D.C. 2004).....................6

Sinclair v. Hawke, 314 F.3d 934 (8th Cir. 2003)  ................................................ 6

Soghomonian v. U.S., 82 F.Supp.2d 1134 (E.D. Cal. 1999)  ............................... 8

Spagnola v. Mathis, 589 F.2d 223 (D.C. Cir. 1988)  ........................................... 5

Students Against Genocide v. Dep't of State, 257 F.3d 828 (D.C. Cir. 2001)  ................... 4

Tuchinsky v. Selective Serv. System, 418 F.2d 155 (7th Cir. 1969)  ................................ 8

Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 326 (D.C.Cir.1999) .......................... 5

Weisberg v. Dep't of Justice, 627 F.2d 365 (D.C. Cir. 1980)  ........................................... 4

**Statutes**

5 U.S.C. § 552 .........................................................................................................................1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEITH THOMAS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | **Civil Action No. 07-0069 (CKK)** |
| ) | |
| FEDERAL COMMUNICATIONS ) | |
| COMMISSION, ) | |
| ) | |
| DEFENDANT. ) | |

## DECLARATION OF SHOKO B. HAIR

1.     I am presently employed as a Program Analyst, Performance Evaluation and Records Management ("PERM"), Office of Managing Director, Federal Communications Commission ("FCC"). I have served in that capacity since approximately May 2002.

2.     PERM functions as, among other things, the FCC's central repository for Freedom of Information Act ("FOIA") requests that the agency receives. In most cases, PERM logs FOIA requests into a computerized database that includes, among other information, the name of the requester and the date the request was received. PERM then assigns the FOIA request to the appropriate FCC bureau or office to respond. If a FOIA request seeks information that the FCC does not maintain or the request is otherwise not properly directed to the FCC, PERM does not log the request into its computerized database or assign it to an FCC bureau or office. Instead, PERM notifies the requester of the proper entity to which the FOIA request should be directed and maintains a non-electronic file of the request that includes, among other information, the name of the requester and the date of the request. Finally, if PERM receives a request for information and/or a general inquiry seeking information from the FCC that is not a FOIA request, PERM refers any such request and/or general inquiry to the FCC's Consumer and Governmental Affairs Bureau ("CGB") to respond. *See* 47 C.F.R. § 0.441.

3.     PERM's computerized database contains information concerning FOIA requests directed to the FCC dating back to approximately January 1993. PERM's non-electronic file contains information concerning such FOIA requests dating back to approximately August 2002. Both the database and file are searchable by the requester's name.

4.     On or about June 8, 2007, another PERM staff member and I performed a search of PERM's computerized database and non-electronic file to ascertain whether the FCC had received a FOIA request from an individual named Keith Thomas. Neither the database nor the file contained any record of the FCC's having received a FOIA request from Mr. Thomas.

5.      The FCC did receive a letter from Mr. Thomas dated December 13, 2005.  I reviewed this letter when it was received and determined that, under the FOIA statute, 5 U.S.C. § 552, and the FCC's FOIA regulations, 47 C.F.R. §§ 0.441-0.470, the letter was not a FOIA request, but was instead a request for information and/or a general inquiry properly directed to CGB.  *See* 47 C.F.R. § 0.441.  Therefore, I forwarded Mr. Thomas' letter to CGB for it to respond to Mr. Thomas.

6.      Pursuant to 28 U.S.C. § 1746, I, Shoko B. Hair, declare under penalty of perjury that the foregoing is true and correct.  Executed on this 21st day of June, 2007.

_____
Shoko B. Hair

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEITH THOMAS,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | **Civil Action No. 05-2362 (CKK)** |
| ) | |
| **U.S. CUSTOMS AND BORDER** ) | |
| **PROTECTION, ET AL.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

### DECLARATION OF TOM D. SHIRLEY

1.      I am presently employed as a Management Analyst, Consumer Information and Complaints Division ("CICD"), Consumer and Government Affairs Bureau, Federal Communications Commission ("FCC"). I have served in that capacity since approximately January 2001.

2.      CICD's functions include, among other things, responding to requests for information and/or general inquiries that the FCC receives from members of the public. A letter from Keith Thomas to FCC employee Shoko B. Hair, dated December 13, 2005 and attached hereto as Exhibit 1, was referred to me for response. I drafted a letter dated January 4, 2006 responding to Mr. Thomas. To the best of my recollection, on or about January 4, 2006, I signed the letter and placed it in the FCC's designated area for outgoing mail so that my letter would be sent to Mr. Thomas at the address that he provided. To the best of my knowledge, the letter was indeed sent to Mr. Thomas on or about January 4, 2006. I did not, however, retain a copy of the signed letter that was sent to Mr. Thomas. A true and correct unsigned copy of my January 4, 2006 letter to Mr. Thomas is attached hereto as Exhibit 2.

3.      Pursuant to 28 U.S.C. § 1746, I, Tom D. Shirley, declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of April, 2006.

_____
Tom D. Shirley

Keith Thomas
CDC T-67081
Corcoran State Prison
S.H.U 4A-2-R cell-21
P.O. Box 3476
Corcoran, Ca. 93212
Dec 13, 2005

FCC
Shoko B. Hair
FOIA officer
Room SC 406
44 5 12th street, sw
Washington DC 20554

Dear, Shoko B. Hair

I'm writing you about obtaining a FCC licence for radio and cable network. The GAO provide me this address. I assume it's the correct address, if not can you still assist me with the information I'm requesting. I have no physical access to any internet nor website to obtain this information. Can you provide me the printed materials.

I'm requests forms for FCC licence for radio FM and AM and cable network (subscriber). Can you provide me a list of cable company example American cable association, addresses and a name to contact. Can you provide me a list and information to obtain a signal for cable network and radio, and places like TRW whom develope signal for radio and cable network. Can you provide me a list of places where I can buy equipment for radio signal and cable network signal, like radio Dash, etc Also can you provide me and put me on your publication subscriber mail list to receive newsletters, and magazine.

I Appreciate if you can deliver this letter to the assign person who handle this matter, because I hate to rewrite and send to a person when I have no address to send this letter to to obtain what I'm requesting. Also can you provide me a description of your FOIA service of FCC

P.S.
                                                    Thank You
Can you provide me the addresses to the Public Relation office and where I can file complaint about FCC organizing



Federal Communications Commission
Consumer and Governmental Affairs Bureau
1270 Fairfield Rd.,
Gettysburg, PA 17325

January 4, 2006

Keith Thomas
CDC T-67081
Corcoran State Prison
S.H.U 4-A 2-R Cell 21
POB 3476 Corcoran, CA 93212

Dear Mr. Thomas,

Thank you for your letter of December 13, 2005, in which you ask about
obtaining a FCC license for radio and cable network.  You note you have no
access to the Internet; however the Commission now requires online filing of
many of its applications.  FCC Form 302-FM Application for FM Broadcast
Station License must be filed online.  FCC Form 302-AM Application for AM
Broadcast Station License and FCC Form 327 Application for Cable Television
Relay Service Station Authorization may be filed manually.  Copies of
application forms may be ordered from the Commission's duplicating contractor:

Best Copy and Printing, Inc.
Portals II
445 12th St. S.W.
Room CY-B402
Washington DC 20554

www.bcpiweb.com
1-800-378-3160

Other matters in your letter are addressed below.

A list of places for buying equipment: Most applicants retain legal counsel
and broadcast engineering consultants about equipment, and to perform
frequency searches and help prepare the legal and technical portions of
construction permit applications.  The FCC does not maintain a list of or
recommend any particular legal services or broadcast engineering consultants,
but we note that many of these services do advertise on the Internet and in
trade publications.  You must decide which services best suit your needs.
Please be aware that the FCC cannot tell you whether a frequency will be
available in a particular location, or help in the preparation of
applications.

Publication subscriber mail list, newsletter and magazines: Procedures for
receiving information from the FCC are limited to email subscription.  The
sign-up information is at: http://www.fcc.gov/cgb/contacts/.

Freedom of Information Act (FOIA): You do not have to file a FOIA request to
obtain information routinely available for public inspection, including
records from docketed cases, broadcast applications and related files,
petitions for rulemakings, various legal and technical publications,
legislative history compilations, etc.  See 47 C.F.R. §§ 0.453 and 0.455.  To
make a FOIA request pursuant to 47 C.F.R. § 0.461, you have two options:

(1) You may fill out the Electronic FOIA (E-FOIA) Request Form and submit it;

or (2) you may file in writing, but please follow these instructions: caption your request as "Freedom of Information Act Request," date your request, give us your telephone number and mailing address, and provide as much information as possible which can assist in identifying and locating each document you are seeking.  Please include your telephone number so that our staff can contact you if they have questions.  You should specify the maximum search fee that you are prepared to pay for this request.  Also, please write "Freedom of Information Act Request" on the envelope.  Mail an original and two copies of your request to the address below, e-mail your request to FOIA@fcc.gov, or fax your request to (202) 418-2826 or (202) 418-0521.

Managing Director
Attention: FOIA Officer
Federal Communications Commission
445 12th Street, S.W., Room 1-A835
Washington, D.C. 20554

If you have any questions about how to file a FOIA request, contact us at:
Phone: (202) 418-0440
Fax: (202) 418-2826 or (202) 418-0521
E-mail: FOIA@fcc.gov

Address of the public relations office, for filing a complaint about FCC organizing: You may write to the Managing Director, at the address immediately above.


                              Sincerely