Keith Thomas,
CDCT-67081
CSP-Sacramento
FA6 cell-129
P.O. Box 290007
Represa, Ca. 95671

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Keith Thomas
    Plaintiff

    Case No. 07-0069(CKK)

V

Federal communication
commission
    Defendant.

Let this be filed
Judge CKolla-Kotelly
Aug. 1, 2007

## Plaintiff's motion to dismiss
### Defendant's motion to Dismiss or in the alternative for Summary Judgment

Plaintiff herein Alleges objection Submit and motion to dismiss defendant's motion to Dismiss or in the alternative for summary Judgment. In support of this Motion, the court is respectfully referred to the accompanying memorandum of points and authorities and affidavit and the entire record in this case.

Dated: July 15, 2007

             Respectfully submitted
             Keith Thomas

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith Thomas
        Plaintiff

        V

Federal Communications
Commission
        Defendants.

Plaintiff object and allege untrue
and denied the Defendant's statement
of material facts as to which there is
No Genuine issue.

Pursuant to the Local Rules of the district of columbia Plaintiff hereby submit
allegation of objection, denied and allege untrue of the defendants statement
of material facts as to which there is no genuine issue: of 3 through 6 herein
of the defendants statement of material facts as to which there is no genuine issue
the Plaintiff allege object, denied and allege untrue.

Plaintiff herein allege referring to number 3 of the defendants, statement
of material facts as to which there is no genuine issue. The Plaintiff alleges
object and denied and allege untrue number 3,
        and allege that Plaintiff has sent more than one letter to the defendants
        through the prison of Wasco state prison, Corcoran state prison and
        California Sacramento prison. Same with number 4 and 5 and 6.

        Plaintiff allege that a genuine
        issue exist:

I. See Federal Rules of civil procedure 56 (f), the Plaintiff alleges
that Plaintiff has sent mail log recorded in the prison log book for legal
mail that shows that Plaintiff has sent more than one envelope of mail

1

to the defendant while the Plaintiff has been confine at prison of wasco State prison, coreoran sate prison and enlifornia sackmento prison. See Harris V. Pate 440. F.2d 315. 318 (7th Cir. 1971)

2.   The Administrative Procedures Act, of title 5 U.S.C 551. definition (4) And (5), provide defendant to disclose of administrative agency proceeding, see F. C.C V Schneiber U.S. Cal. 1965 85. St. Ct. 1459, 381, U.S. 279, 14 L. Ed 2d 383. This is a genuine issue.

3. The Freedom of information Act 5.U.S.C title 5 U.S.C 552. n.73, " Records within section - Generally To qualify As "agency records" under Freedom of information Act, Agency must either create or obtain requested materials and agency must be in control of requested materials at time Freedom of information Act request is made.

See U.S. Dept of Justice V. Tax analysts U.S. Dist col. 1989. 109 S.Ct 2841, 492 U.S. 136. 106 L. Ed 2d 112. This is a genuine issue

title 5. U.S.C. 500 Administrative practice: general provision (a) "agency" has the meaning given it by section 551 of this title, Defer to title 5. U.S.C. 551 definitions for purpose of this subchapter (1) "agency" means each authority of the Government of the United states, whether or not it is within or subject to review by another agency, but does not include.

pursuant to the supreme court's Tax analysts decision documents qualify As "agency records" subject to Freedom of information Act ( FOIA) disclosure if they are:
(1) created or obtained by an agency
(2) in the Agency's control
See United we stand america Inc V. IRS C.A. D.C 2004, 359 F.3d 595, 360 U.S. Opp. D.C. 243. Record-54.

1  Plaintiff request for FCC license for radio and cable network, is agency
2  record, Refering to title 5. U.S.C 551 (4) Rule means: (in its entirety) and
3  (5) Rule making "means" (in its entirety) as well as title 5. U.S.C. 552, public
4  information; agency rules, opinions, orders, records and proceeding (in its entirety)
5  This is A genuine issue, because the defendant with held to make available
6  copies of Rules, Rule making and public information; agency rules, opinions, orders,
7  Records And Proceeding.
8       The mails envelopes that the defendant denied to admitt the
9  defendant Receive contain in the body of the letter, Requesting information about
10  Obtaining Administantive Agency Rules and Regulation of employees. employed
11  with the FCC (Federal Communication commissions) of their respective function.
12  This is a genuine issue
13       This can be supported in an Affidavits see Federal Rules of civil
14  Procedure Rule 56(e)

15  Dated: July 5, 2007                                Respectfully submitted

16
17
18
19
20
21
22
23
24
25
26
27
28

3

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith Thomas,
          Plaintiff

V.

Federal Communication
Commission
          Defendant

Civil No. 07-0069 (CKK)

Affidavit
Pursuant to the Federal Rules of
Civil, Rules 56(e)

Asserts

Plaintiff herein allege IS A state prisoner in the state of enlifornia, within the California sacramento person and has written to the defendant letters sent in an envelope since 2002 to 2007, requesting General information to obtain for the filing of grievance involving employees and obtaining Rule and regulation governing the action of the employee within their respective office and duties. The defendant asserts that the defendant is without receiving these envelope sent with the Plaintiff letters.

    The Plaintiff herein asserts and allege that all of Plaintiff envelope label confidential legal mail are record and log with the person mail room within it's books,

    These record and log is material fact, see Boomer V. Lanigan, No. Civ 5540 (DLC) 2002 WL 31413804 (S.D.N.Y. Oct. 25, 2002), This district court need to deny defendant summary because it difficult for the Plaintiff to get these record and log out of the mailroom, to prove that the Plaintiff has written to the defendant many letters sent in envelope, see Federal rules of civil procedure. Rule 56(f)

    The declaration of Tom D. Shirley, the Plaintiff allege is untrue and inaccurate and misleading. The letter dated Jan 4, 2006, by the Federal Communication Commission, consumer and Government Affairs Bureau, 1270, Fairfield

1

1 Rd. Gettysburg, PA 17325,

2       This address is inaccurate, out dated, and the defendant refer the

3 Plaintiff to the Federal communication commission, consumer and Governmental

4 Affairs. Bureau, whom mislead the Plaintiff about obtaining Radio and cable licence,

5       Next the Plaintiff has written to the Managing Director Attn.: FOIA

6 Officer Federal communication commission 445 12th St. S.W. Room 1-A835,

7 Washington D.C. 20554,

8       The Plaintiff has sent to the defendant many envelopes of mail and the

9 defendant is denying these ~~entire~~ envelope of mail, and only picking out the ones

10 that suit the need for the defendant to dispute.

11       I declare under penalty of perjury that the foregoing is true

12 and correct.

13     Dated: July 5, 2007

Respectfully submitted

Keith Thomas
              Plaintiff
v
Federal communication
commission
              Defendant

## Memorandum of Law in support
## of Plaintiff genuine issue

Defendant, violate the Administrative Procedures Act, title 5. U.S.C. 551 (4)
(5) (6), and the Freedom of Information Act title 5 U.S.C 552 (a) (1) (A)(B)(C)(D)(E)
(2) (A) (B)(C) (D) (E), by with helding make auinlable to the Plaintiff copies
of the Federal communication commission Administrative Agencies Rules and
Regulation.

## Rule of Law

Defendant · violate the Administrative Procedures Act, title 5. U.S.C. 551
in its entirely and the Freedom of information Act title 5. U.S.C 552 in its
entirely, when they acted to with held making auinlable to the Plaintiff copies
of the Federal communication commission Administrative agencies Rules and
policies. see F.C.C. V. schneiber. U.S. enl. 1965 85. S. Ct. 1459, 381, U.S. 279, 14. L.Ed
2d 383. Administrative Law And Procedure 504.

## Argument

A. Agency statement of generai or Applicability And future effect
   designed to Implement, interpret or prescribed Law or policy
   or describing the organization, procedure or practice requirement
   of An Agency And Includes the Approval or prescription for
   the future of rates, wages, corporate or financial structure or
   Reorganization thereof, price, facilitie, Appliance, service of allowance
   thenrof or of valuation cost or Accounting or practice, bearings
   on any of the foregoing. EXIST as AGENCY RECORD:

   Plaintiff allege the the defendant deprive and withheld Agency
   Records According to title 5. U.S.C 551 (4) (Rule mean), that
   these document consist of agency record as Prescribed According
   to the information Freedom of information Act ( FOIA) disclosure

1

If they are:

(1) created or obtained by an agency

(2) in the agency control

See United We Stand America Inc. V. I.R.S C.A. D.C. 2004, 359 F.3d 595

360. U.S. App. D.C. 243. Record. 54

Defendant, This federal communication commission (agency) has control of document of information consist of According to title 5. U.S.C. § 551 (4) (Rule mean)

The FOIA test focuses on the circumstance surrounding the creation, maintence and use of the documents within the agency which includes facts- or such as whether the document.

× (1) was generated within the agency

(2) has been placed into the agency's file,

× (3) is in the agency's control

×(4) was used by the agency for an agency purpose

see Consumer Federal of America V. U.S. Dep. of Agriculture D.D.C. 2005

383 F. Supp. 2d 1 Record 54

The documents according title 5. U.S.C 551, are (1) was generated within the agency (3) is in the agency's control. and (4) was used by the agency for an agency purpose, within the Federal agency of the Federal communication commission; of this defendant.

The Plaintiff has the entitle right to possess and for the defendant FCC to make available copies and send to the Plaintiff all document according to title 5. U.S.c 551 (4) (Rule mean)

B. Public Information; Agency Rules, Opinions, Orders, Records and proceeding EXIST AS AGENCY RECORD:

Plaintiff allege the defendant deprive and withheld agency records according title 5 U.S.c 552 (a) (1) (A)(B) (c) (D)(E), (2) (A)(B) (c)(D) and (E) that these document consist of agency record as prescribed according to the

Freedom of Information Act (FOIA) If they are:

    (1) created or obtained by an Agency

    (2) in the Agency control, see United we Stand America Inc V. I.R.S. C.A. D.C. 2004, 359 F.3d 595, 360 U.S. App. D.C. 243. Record 54. This defendant Federal communication commission (Agency) has control of document of information consist of according to titles U.S.C 552, (a) (1) (A) (B) (C) (D) (E) (2) (A) (B) (C) (D) and (E)

    The FOIA test focuses on the circumstance surrounding the creation, maintence And use of the document within the Agency which include fact or such As whether the document.

    (1) was generated within the Agency

    (2) has been placed into the Agency's life

    (3) is in the Agency's control

    (4) was used by the Agency for an Agency purpose, see consumer Federal of America V. U.S. Dept of Agriculture D.D.C 2005. 383 F.supp.2d 1 Record 54. The documents According to title 5. U.S.C 552 (a) (1) (A) (B) (C) (D) (E) (2) (A) (B) (C) (D) and (E) Are (1) was generated within the Agency (3) is in the Agency's control and (4) was used by the Agency for an Agency purpose, within the Agency of the Federal communication commission of this defendant

    The Plaintiff has the entitle Right to possess And for the defendant Fee to make Avilable copies And sench to the Plaintiff All documents According to title 5. U.S.C 552 (A) (1) (A) (B) (C) (D) (E) (2) (A) (B) (C) (D) and (E)

## CONCLUSION

For the reason herein stated, this court need to dismiss the defendants motion to dismiss this complaint, because it's untrue and misleading in it's nature of the defendant motion to dismiss this complaint, And Grant the Plaintiff summary judgment According to Federal Rules of civil Procedure 56(f) see Harris V. Pate, 440 F.2d 315, 318 (7th Cir. 1971)

And Plaintiff move this district court for pre-trial discovery according to Federal Rules of Civil Proc 26 (f), Rule 35, Rule 33 Rule 34, Rule 26 (b)(1) Rule 31, Rule 30 (a), see Hickman V. Taylor, 329 U.S. 495 (1947); Defense Council V. Curtis, 189 F.R.D 4, 13 (D.D.C 1999); Alexander V. Rizzo, 50 F.R.D. 374. (E.D. Pa. 1970); Bench V. City of Olathe, Kansas, 203 F.R.D 489 (D. Kan 2001) and King V. Conde 121 F.R. 180. 190 (E.D.N.Y. Jun 15 1988)

Defendant Federal Communication commission withheld and fail depreve, and omit to make Available to send copies to the Plaintiff Agency's Rules and proceed Violate the Administrative procedure act, title 5. U.S.C 551 (4), and the Freedom of information act title 5 U.S.C. 552 (a)(1)(A) (B) (C) (D) (E),(2), (A) (B) (C) (D) And (E). The defendant motion to dismiss Plaintiff case should be denied

Dated: July 5, 2007

Respectfully Respectfully

Exhibit
A
Electronic case filing
Dated 5-31-2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH THOMAS                                )
NO. T67081                                  )
SACRAMENTO CALIFORNIA STATE PRISON          )
P.O. BOX 290001                             )
REPRESA, CA 95671                           )
                                            )
            Plaintiff,                      )       Civil Action No. 07-0069 (CCK)
                                            )       Electronic Case Filing
       v.                                   )
                                            )
                                            )
FEDERAL COMMUNICATION                       )
COMMISSION                                  )
                                            )
            Defendant.                      )
_____   )

## NOTICE OF ENTRY OF ATTORNEY APPEARANCE

THE CLERK OF THE COURT will please enter the appearance of Special Assistant

United States Attorney Quan K. Luong as counsel of record for the Defendant in the above-

captioned civil action.

                                        Respectfully submitted,

                                        _____/ s /_____
                                        QUAN K. LUONG
                                        Special Assistant United States Attorney
                                        United States Attorney's Office
                                        Judiciary Center Building
                                        555 4th Street, N.W. - Room E4417
                                        Washington, D.C. 20530
                                        (202) 514-9150
                                        quan.luong@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __31st__ day of __May__, 2007, a true and correct copy of

the foregoing Notice of Appearance was served by first class United States mail, postage prepaid

marked for delivery to:

KEITH THOMAS
NO. T67081
Sacramento California State Prison
P.O. Box 290001
Represa, CA 95671

_____ / s / _____

QUAN K. LUONG
Special Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W. - Room E4417
Washington, D.C. 20530

Exhibit
B
letter by Sprint



IllInIIIaIIIalInluIIIIllInIIlInIIlulIIlalInlIIlInIIlInl

65    43

Keith Thomas
Csp - Sacramento  CDC T6 67081 PO Box 290060 FB2 Cell 215
Represa, CA 95671-0060

Dear Keith Thomas,

During the summer of 2006, you received notice of a settlement of two class actions, *Tom Lundberg, et al. v. Sprint Corporation, et al.,* Case No. 02CV-4551, and *Greg Benney, et al. v. Sprint International Communication Corp., et al.,* Case No. 05CV-1422. That settlement has been finally approved by the District Court of Wyandotte County, Kansas, and the settlement is now fully effective.

We are writing to you because, in response to the notice of settlement, you submitted a claim form to Sprint requesting an immediate one-time invoice credit in the amount of $20.00 with your agreement to a new 2-year Sprint PCS® Advantage Agreement. The one-time invoice credit will be applied to your June or July invoice, appearing as *service credit,* which begins your new 2-year Agreement. You will be receiving a contract confirmation letter in the mail to notify you of the new contract expiration date.

Thank you for being a loyal Sprint Nextel customer. We greatly appreciate your business.

Sprint

AP7NC7-3453

Keith Thomas
CDC T-67081
CSP-Sacramento
FAG Cell-127
P.O. Box 290001
Represa, CA 95671

# Supplement to the defendants
## Motion to Dismiss summary judgment

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Keith Thomas
  Plaintiff

Civil Action No. 07-69 (CKK)
Motion:

V.

Objection to Defendant ~~dismissal~~ dismissal
of complaint, and
move this district court for
summary judgment of Plaintiff
And Pre-trial Discover.
Affidavit Attached

Federal communication
Commission
  Defendant

## NATURE OF PROCEEDING

1. The Plaintiff has file an complaint pursuant to the Freedom of information
Act, The district count enter the appearance of special assistant United
States attorney Quinn K. Luong as counsel of record for the Defendant, see
Exhibit A, Electronic ease filing Dated 5-31-2007. Now the district court send
an order, for the Plaint to respond to the Defendant motion to dismiss
complaint.

Objection of the Defendant
Motion to dismiss complaint
statement of facts

paragraph 1

Plaintiff herein **Alleges** that Plaintiff object, ~~this~~ untrue and denies the defendants
Motion to dismiss, because Plaintiff herein alleges that Plaintiff state a claim for
Relief involving the defendant. The Plaintiff, allege under the title 5. U.S.C 551
(4)(1),(4),(5), and (6) the Plaintiff has violated title 5 USCS § 552 and
violate 5. U.S.C. 551 (1),(4)(5),(6), by with holding public information, agency
Rules, opinions, orders, records, proceeding, implementation, interpret and
prescribe Laws, policy, describe the organization, procedure, practice requirement
of agencies (future of Rules, wages, corporate or financial structure, reorganization
there of, price, facilities, appearance, service or allowance

1

And of S. Used 552 (a) (1) (A), (B) (C) (D) (E), (2) (A) (B) (C) (D) (E)

Send copies to Plaintiff whom u a paralegal researching technology Law, whom the defendant Federal communication commission has been Authorized by the U.S. Congress to make Rules and regulation for the the technology

The technology that the Federal communication commission govern consist of companies:

1. Time Warner Inc, New York, NY, media, entertainment, publishing
2. Verizon, Basking Ridge, NJ, telecommunication
3. AT&T, San Antonio, TX, telecommunication, telephony & wireless
4. Xerox Corp. Stamford, CT, computer and office equipment
5. Comcast Philadelphia Pa, cable and communication
6. Pitney Bowes Inc., Stamford, CT, computer, office equipment.
7. IBM, Armonk, NY, Information Technology
8. Texas Instrument, Dallas, Technology
9. Radio One, Inc Lanham D.MD, Radio broadcasting and other media
10. Harpo Inc, Chicago, IL, television and film production, online media
11. Johnson Publishing Co. Chicago IL, TV production.
12. Converge Peabody, MA, Distribution of electronic component & components & computer products
13. RS information systems Inc., McLean, VA, systems engineering & information technology
14. Dimensions International Inc. Alexandria, information technology
15. Trillion Communication corp. Bessemer, Al, telecommunication
16. Calhoun enterprises, Montgomery Al, telecommunication
17. Communication Technologies Inc. Chantilly, Va, Global telecommunication
18. Management & Engineering technologies International Inc, El Paso, Engineer technology
19. ICBC Broadcast holding Inc., New York, NY, Radio Broadcasting
20. Tec-masters, Inc Huntsville Al — Aerospace technology
21. Paradigm Holding Inc. Rockville, MD, information technology

2

22. Earl G. Graves Ltd, New York, NY, Radio & television programming

23. Roberts Broadcasting Co. St. Louis, MO, television and radio broadcasting

24. Blackwell consulting Service Chicago, information technology consulting

The FCC (Federal communication commission) withheld information to send to the Plaintiff, consisting of:

1. Radio spectrum available to mobile telecommunication, under the telecommunication act of 1996, nor make available the F.C.C.R copies of. Nor provided case of sprint telephony PCS. L.P. and Pacific Bell wireless LLC V. county of san Diego: Greg Cox, D.C. No CV-03-1398-BTM (Oct 24, 2006).

and LINEAR technology corp. V. Applied material super ct. No. CV 806004, as well as Viacom, cases

See Exhibit B, letter by sprint, here. Plaintiff is requesting from the defendant, Federal communication commission information about sprints services with the Plaintiff in a lawsuit and file with the Federal communication commission about the violation sprint cause, instead the defendants Federal communication commission withheld to make available to the Plaintiff the information.

## Grounds

Defendant Federal communication commission withheld information to make available to the Plaintiff violation of & title S. USC SS1 (1)(4)(5) and (6) and title S U.S.C SS2 (a)(1)(A, 1B)(C), (C)) (D) (E), (2) (A) (B) (C)(D) (E)

### prayer for relief

1. Grant Plaintiff motion, and denied the defendant motion to dismiss complaint

2. Grant summary judgment in favor of the Plaintiff, based upon attached affidavit

3. Move case for Pre-trial discovery

4.

4. Grant Plaintiff, the ability to establish a cable television network through the defendant Federal communication commission while proceeding to Jury trial

~~Date~~                    I declare under penalty of perjury that the foregoing is
                            true and correct

Dated: July 5 2007

                                              respectfully submitted

4

Keith Thomas
CDC T-67081
CSP-Sacramento
FA6 Cell-127
P.O. Box 290001
Represa, CA. 95671

Supplement to the defendant's
Motion to Dismiss summary Judgment

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith Thomas
        Plaintiff

                                    civil Action No. 07-69 (CKK)
                                    Motion:

V                                       Affidavit in support and accompanying
                                        objection to Defendant dismissal
Federal communication                   of complaint
Commission
        Defendant

Plaintiff herein Allege that the Plaintiff is in State prison in California, and is
without the means of filing a defensable memorandum of Law, for the moving
of the summary Judgment, pre trial discovery and Jury trial, because the Plaintiff
is a Layman without the knowledge to prepare a defence because of the circumstance
within the prison facility of administrative segregation unit where the Plaintiff only
Attend the Law Library once a week, for an one hour and 30 minute, it's without
enought time for Plaintiff to research the correct Law under the Federatal
Freedom of information Act, and cite Federal communication commission
Rules that pertain to the Plaintiff.

    The Plaintiff has written letter of request for the F.C.C.R. to deal with
Companies, see Exhibit B. sprint's letter, whom Refuse to make available copies of
the F.C.B.R. F.CB and F.C.C.R hand book, and other publications, news letters
to the Plaintiff. The Plaintiff can obtain a list of outgoing mail that the prison
mail Record to show that Plaintiff has written to the defendant Federal
communication commission. The Plaintiff request to establish a cable network
television System, whom defendant Federal communication commission withheld
the information and refuse to make available to the Plaintiff the information
what other mean can the Plaintiff obtain this information while in prison.

    I declare under penalty of perjury that the foregoing is true and correct
executed, Dated July 5, 2007
                                            Keith Thomas

Proof of service
( 28. U.S.C. 1746)

Case No. 07-69 (CKK)

Keith Thomas
        Plaindiff

vs

Federal communication
commission
            Defendants


I, Keith Thomas, am over the Age of eighteen (18) years old
And I am A party to the within cause of action.
        My Address is: CSP-Sacramento
                        FA6 cell-127
                        P.O. Box 290001
                        Represa, CA 95671

        On  July 5 2001 , I served the following documents: Motion
Supplement to the defendant' motion to Dismiss Summary Judgment
objection to Defendant dismisal of complaint /Affidavit and exhibit, on

the Judge Colleen Kollar-Kotelly
                U.S. District court
                For the District of columbia
                U.S. courthouse
                333 Constitution Ave. N.W
                Washington, D C 20001

    And served herein with to: Quan K. Lwong
                            Special Assistant United state
                            Attorney
                            U.S. Attorneys office
                            Judiciary Center Building
                            Room E 4417
                            555 4th St
                            Washington, D.C. 20530

    I have Read the Above statements And declare under the penalty of
perjury that the law of the state of california that the foregoing is true and
correct executed, Dated. July 5 2007

                                    Respectfully submitted
                                    Keith Thomas

Keith Thomas,
CDCT-67081
CSP-Sacramento
FA6 Cell-129
P.O. Box 290001
Represa, Ca. 95671

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith Thomas
        Plaintiff                                    Case No. 07-0069(CKK)

V

Federal Communication
Commission
        Defendant.

Plaindiff, motion to dismiss
Defendant's motion to Dismiss OR in the alternative
for Summary Judgment

Plaintiff herein alleges objection and motion to dismiss defendants
motion to Dismiss OR in the alternative for summary judgment. In support of this
motion, the court is respectfully referred to the accompanying memorandum
of points and authorities and affidavit and the entire record in this case.

Dated: July 5, 2007                          Respectfully submitted
                                             Keith Thomas

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith Thomas
        Plaintiff

        V

Federal communications
Commission
        Defendants.

Plaintiff object and allege untrue
and denied the Defendant's statements
of material facts as to which there is
No Genuine issue.

Pursuant to the Local Rules of the district of columbia Plaintiff hereby submit
allege. Allegation of objection, denied and allege untrue of the defendant's statement
of material facts as to which there is no genuine issue: of 3 through 6 herein
of the defendants statement of material facts as to which there is no genuine issue
the Plaintiff allege object, denied and allege untrue.

Plaintiff herein allege referring to Number 3 of the defendant's, statement
of material facts as to which there is no genuine issue. The Plaintiff alleges
object and denied and allege untrue Number 3,
        and allege that Plaintiff has sent more than one letter to the defendant
        throught the prison of WASCO state prison, CORCORAN state prison and
        California sacramento prison. Same with number 4 and 5 and 6.

        Plaintiff allege that a genuine
        issue exist.

1. See Federal Rules of civil procedure 56 (f), the Plaintiff alleges
that Plaintiff has sent mail log recorded in the prison log book for legal
mail that shows that Plaintiff has sent more than one envelope of mail

to the defendant while the plaintiff has been confine at prison of wasco state prison, corcoran state prison and california sacramento prison, see Harris V. Pate 440. F. 2d 315. 318 (7th Cir. 1971)

2.  The Administrative Procedures Act, of title 5 U.S.C 551. definition (4) And (5), provide defendant to disclose of administrative agency proceeding, see F. C.C. V Schreiber U.S. Cal. 1965 85. S.t. Ct. 1459, 381, U.S. 279, 14 L. Ed 2d 383. This is a genuine issue.

3.  The Freedom of information act 5.U.S.C title 5 U.S.C 552. N. 73, "Records within section - Generally To qualify As "agency records" under Freedom of information Act, Agency must either create or obtain requested materials and agency must be in control of requested materials at time Freedom of information Act request is made.

      see U.S. Dept of Justice V. Tax Analysts U.S. Dist col. 1989. 109 S.ct 2841, 492 U.S. 136. 106 L. Ed 2d 112. This is a genuine issue

      title 5 U.S.c. 500 administrative practice; general provision (a) "agency" has the meaning given it by section 551 of this title, Refer to title 5. U.S.c. 551 definitions for purpose of this subchapter (1) "agency" means each authority of the Government of the United states, whether or not it is within or subject to review by another agency, but does not include.

      pursuant to the supreme court's Tax Analysts decision documents qualify as "agency records" subject to Freedom of information Act (FOIA) disclosure if they are:
      (1) created or obtained by an agency
      (2) in the Agency is control
    see United we stand america Inc V. IRS C.A. D.C 2004, 359 F.3d 595, 360 U.S. app. D.C. 243. record-54.

Plaintiff request for FCC license for radio and cable network, is agency record, Refering to title 5. U.S.C 551 (4) Rule means: (in its entirety) and (5) Rule making "means" (in its entirety) as well as title 5. U.S.C. 552, public information; agency rules, opinions, orders, records and proceeding (in its entirety)

This is a genuine issue, because the defendant withheld to make available copies of Rules, Rule making and public information; agency rules, opinion, orders, records and proceeding.

The mail envelopes that the defendant denied to admit the defendant receive contain in the body of the letter, requesting information about Obtaining Administrative agency Rules and Regulation of employees. employed with the FCC (Federal Communication commissions) of their respective Function. This is a genuine issue

This can be supported in an Affidavids see Federal Rules of civil Procedure Rule 56 (e)

Dated: July 5, 2007

Respectfully submitted

UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith Thomas,
      Plaintiff

V.

Federal Communication
Commission
      Defendant

Civil No. 07-0069 (CKK)

Affidavit
Pursuant to the Federal Rules of
Civil, Rules 56(e)

               Asserts
Plaintiff herein allege is a state prisoner in the state of california, within the California sacramento person and has written to the defendant letters sent in an envelope since 2002 to 2007, Requesting General information to obtain for the filing of grievance involving employees and obtain Rule and regulation governing the action of the employee within their Respective office and duties. The defendant asserts that the defendant is without receiving these envelope sent with the Plaintiff letters.

The Plaintiff herein asserts and allege that all of Plaintiff envelope label confidential legal mail are record and log with the person mail room within it's books.

These record and log is material fact, see Boomer V. Lanigan, No. Civ 5540 (DLC) 2002 WL 31413804 (S.D.N.Y. Oct. 25, 2002), This district court need to deny defendant summary because it difficult for the Plaintiff to get these record and log out of the mailroom, to prove that the Plaintiff has written to the defendant many letters sent in envelope, see Federal rules of civil procedure. Rule 56(f)

The declaration of Tom D. Shinley, the Plaintiff allege is untrue and inaccurate and misleading. The letter dated Jan 4, 2006, by the Federal Communication Commission, consumer and Governmental Affairs Bureau, 1270, Fairfield

Rd. Gettysburg, PA 17325,

This address is inaccurate, out dated, and the defendant refer the Plaintiff to the Federal communication commission, consumer and Governmental Affairs Bureau, whom mislead the Plaintiff about obtaining Radio and enable licence,

Next the Plaintiff has written to the managing Director Attn.: FOIA officer Federal communication commission 445 12th St. S.W. Room 1-A835, washington D.C. 20554,

The Plaintiff has sent to the defendant many envelopes of mail and the defendant is denying these ~~entire~~ envelope of mail, and only picking out the ones that suit the need for the defendant to dispute.

I declare under penalty of perjury that the foregoing is true and correct,

Dated: July 5, 2007

Respectfully submitted

Keith Thomas
        Plaintiff
        Civil No. 07-0069(CKK)   For the District of columbia
v
Federal communication
commission
        Defendant

Memorandum of Law in Support
        of Plaintiff genuine issue.

Defendant, violate the Administrative Procedures Act, title 5. U.S.C. 551 (4)
(5) (6), and the Freedom of information Act title 5 U.S.C 552 (a) (1) (A)(B)(C)(D)(E)
(2) (A) (B)(C) (D) (E), by with holding make Available to the Plaintiff copies
of the Federal communication commission Administrative Agencies Rules and
regulation.

## Rule of Law

Defendant, violate the Administrative Procedures Act, title 5. U.S.C. 551
in it's entirety and the Freedom of information Act title 5. U.S.C 552 in it's
entirely, when they acted to with held making available to the Plaintiff copies
of the Federal communication commission Administrative Agencies Rules and
policies. See F.C.C. v. Schreiber. U.S. cal. 1965 85. S. Ct. 1459, 381, U.S. 279, 14. L.Ed
2d 383. Administrative Law And Procedure 504.

## Argument

A. Agency statement of general or Applicability And future ~~effect~~
   designed to implement, interpret or prescribed Law or policy
   or describing the organization, procedure or practice requirement
   of An Agency and includes the Approval or prescription for
   the future of rates, wages, corporate or financial structure or
   Reorganization thereof, price, facilities, Appliance, service of allowance
   thereof or of valuation cost or Accounting or practice, bearings
   on Any of the foregoing. EXIST AS AGENCY RECORD:

   Plaintiff allege the ~~the~~ defendant deprive and withheld Agency
   Records According to ~~&~~ title 5. U.S.C 551 (4) (Rule mean), that
   these document consist of Agency record As Prescribed According
   to the ~~information~~ Freedom of information Act (FOIA) disclosure

IF they are:

(1) created or obtained by an agency

(2) in the agency control

See United we stand America Inc. V. I.R.S C.A.D.C. 2004, 359 F.3d 595 360. U.S. App. D.C. 243. Record.54

Defendant, This federal communication commission (agency) has control of document of information consist of According to title 5.U.S.C.§ 551 (4) (Rule mean)

The FOIA test focuses on the circumstance surrounding the creation, maintence And use of the documents within the agency which includes fractors - or such As whether the document.

  ✗ (1) was generated within the agency
   (2) has been placed into the agency's file.
  ✗ (3) is in the agency's control
   ✗(4) was used by the agency for an agency purpose

See Consumer Federal of America V. U.S. Dept of Agriculture D.D.C. 2005, 383 F. Supp. 2d 1 record 54

The document According title 5.U.S.C 551, Are (1) was generated within the agency (3) is in the agency's control and (4) was used by the agency for an agency purpose, within the ~~Federal~~ agency of the federal communication commission; of this defendant.

The Plaintiff has the entitle right to possess and for the defendant FCC to make available copies and send to the plaintiff all document according to title 5. U.S.c 551 (4)(Rule mean)

   B. Public Information; Agency Rules, opinions, orders, records and proceeding EXIST AS AGENCY Record:

Plaintiff allege the defendant deprive and withheld agency records according title 5 U.S.c 552 (a) (1) (A)(B) (C) (D)(E), (2) (A)(B) (C)(D) and (E) that these document consist of agency record as prescribed according to the

Freedom of Information Act (FOIA) if they are:

(1) created or obtained by an agency

(2) in the agency control, see United We Stand America Inc V. I.R.S. C.A. D.C. 2004, 359 F.3d 595, 360 U.S. App. D.C. 243. Record 54. This defendant Federal Communication Commission (agency) has control of document of information consist of according to titles U.S.C 552, (a) (1) (A) (B) (C) (D) (E) (2) (A) (B) (C) (D) and (E)

The FOIA test focuses on the circumstance surrounding the creation. maintence and use of the documents within the Agency which include factor such as whether the document:

(1) was generated within the Agency

(2) has been placed into the Agency's life

(3) is in the Agency's control

(4) was used by the Agency for an Agency purpose, see consumer Federal of America V. U.S. Dept of Agriculture D.D.C 2005. 383 F. Supp. 2d 1 Record 54. The documents according to title 5. U.S.C 552 (a) (1) (A) (B) (C) (D) (E) (2) (A) (B) (C) (D) and (E) And (1) was generated within the Agency (3) is in the Agency's control and (4) was used by the Agency for an Agency purpose, within the Agency of the Federal Communication Commission of this defendant

The Plaintiff has the entire right to possess and for the defendant FCC to make available copies and send to the Plaintiff all documents according to title 5. U.S.C 552 (a) (1) (A) (B) (C) (D) (E) (2) (A) (B) (C) (D) and (E)

## CONCLUSION

For the reason herein stated, this court need to dismiss the defendant's motion to dismiss this complaint, because its untrue and misleading in its nature of the defendant motion to dismiss this complaint, and grant the Plaintiff Summary Judgment according to Federal Rules of Civil Procedure 56(f) see Harris V. Pate, 440 F.2d 315, 318 (7th cir. 1971)

And Plaintiff move this district court for pre-trial discovery according to Federal Rules of Civil Proc 26 (f), Rule 35, Rule 33 Rule 34, Rule 26 (b)(1) Rule 31, Rule 30 (a), see Hickman V. Taylor, 329 U.S. 495 (1947); Defense council V. Curtis, 184 F.R.D 4, 13 (D.D.G 1999); Alexander V. Rizzo, 50 F.R.D. 374. (E.D. Pa. 1970); Bench V. city of olathe, Kansas, 203 F.R.D 489 (D. Kan 2001) and King V. conde 121 F.R. 180. 190. (E.D.N.Y. Jun 15 1988)

Defendant Federal communication commission withheld and fail deprive, and omit to make available to send copies to the Plaintiff agency's Rules and proceed violate the Administrative procedure Act, title 5. U.SC 551 (4), and the Freedom of information Act title 5 U.S.C. 552 (a)(1)(A) (B) (C) (D) (E), (2), (A) (B) (C) (D) And (E). The defendant motion to dismiss Plaintiff case should be denied

Dated: July 25, 2007

Respectfully Respectfully

Exhibit
A
Elecsnonic ense filing
Dnted 5-31-2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH THOMAS<br>NO. T67081<br>SACRAMENTO CALIFORNIA STATE PRISON<br>P.O. BOX 290001<br>REPRESA, CA 95671 | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 07-0069 (CCK)<br>Electronic Case Filing |
| v. | ) ) ) | |
| FEDERAL COMMUNICATION<br>COMMISSION | ) ) ) | |
| Defendant. | ) ) | |

<u>NOTICE OF ENTRY OF ATTORNEY APPEARANCE</u>

THE CLERK OF THE COURT will please enter the appearance of Special Assistant

United States Attorney Quan K. Luong as counsel of record for the Defendant in the above-

captioned civil action.

Respectfully submitted,

_____/ s /_____
QUAN K. LUONG
Special Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W. - Room E4417
Washington, D.C. 20530
(202) 514-9150
quan.luong@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  31st  day of  May , 2007, a true and correct copy of

the foregoing Notice of Appearance was served by first class United States mail, postage prepaid

marked for delivery to:

KEITH THOMAS
NO. T67081
Sacramento California State Prison
P.O. Box 290001
Represa, CA 95671

_____/ s /_____
QUAN K. LUONG
Special Assistant United States Attorney
United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W. - Room E4417
Washington, D.C. 20530

Exhibit
B
letter by Sprint



Sprint

Together with NEXTEL

Keith Thomas
Csp - Sacramento  CDC T6 67081 PO Box 290060 FB2 Cell 215
Represa, CA 95671-0060

Dear Keith Thomas,

During the summer of 2006, you received notice of a settlement of two class actions, *Tom Lundberg, et al. v. Sprint Corporation, et al.*, Case No. 02CV-4551, and *Greg Benney, et al. v. Sprint International Communication Corp., et al.*, Case No. 05CV-1422. That settlement has been finally approved by the District Court of Wyandotte County, Kansas, and the settlement is now fully effective.

We are writing to you because, in response to the notice of settlement, you submitted a claim form to Sprint requesting an immediate one-time invoice credit in the amount of $20.00 with your agreement to a new 2-year Sprint PCS® Advantage Agreement. The one-time invoice credit will be applied to your June or July invoice, appearing as *service credit,* which begins your new 2-year Agreement. You will be receiving a contract confirmation letter in the mail to notify you of the new contract expiration date.

Thank you for being a loyal Sprint Nextel customer. We greatly appreciate your business.

Sprint

Proof of Service
( 28. U.S.C. 1746)

Case No. 07-69 (CKK)

Keith Thomas
        Plaintiff

Vs

Federal Communication
Commission
        Defendants


        I, Keith Thomas, am over the age of eighteen (18) years old
and I am a party to the within cause of action.
        My address is: CSP -Sacramento
                        FA6 cell 127
                        P.O. Box 290001
                        Represa, CA 95671


        on ___July 5 2007___, I served the following documents: Motion

objection to Defendant dismissal of complaint/affidavit and exhibit, on

the judge Colleen Kollar-Kotelly
        U.S. District Court
        For the District of Columbia
        U.S. Courthouse
        333 Constitution Ave. N.W
        Washington, DC 20001

And served herein with to: Quan K. Luwong
                        Special Assistant United State
                        Attorney
                        U.S. Attorney, office
                        Judiciary Center Building
                        Room E4417
                        555 4th st
                        Washington, D.C. 20530


        I have read the above statements and declare under the penalty of
perjury that the law of the state of California that the foregoing is true and
correct, executed, Dated. July 5 2007

                                        Respectfully submitted

                                        Keith Thomas

Keith Thomas
(DCT-67081)
CSP Sacramento
FA6 Cell-127
P.O Box 290001
Represa, CA 95671

Supplement to the defendants
motion to Dismiss summary Judgment

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith Thomas
       Plaintiff

V.

Federal Communication
Commission
       Defendant

Civil Action NG. 07-69 (CKK)
motion:

Objection to Defendant dismissal
of complaint. and
move this district court for
summary Judgment of Plaintiff
and Pre-trial Discover.
Affidavit Attached

## NATURE of PROCEEDING

The Plaintiff has file an complaint pursuant to the Freedom of Information
Act, The district court enter the appearance of special assistant United
States attorney Quann K. Luoug as counsel of record for the Defendant, see
Exhibit A, Electronic case filing Dated 5-31-2007. Now the district court send
an order, for the Plaint to respond to the Defendan motion to dismiss
complaint

objection of the Defendant
motion to dismiss complaint
Statement of facts

paragraph I

Plaintiff herein Alleges that Plaintiff object, Allege unive and denies the defendants
motion to dismiss, because Plaintiff herein alleges that Plaintiff state a claim for
Relief involving the defendant. The Plaintiff, allege under the title 5. U.S.C SSI
(4) (1), (4), (5), and (6) the Plaintiff has violated title 5 USCS §SS2 and
violate 5. U.S.C. SSI (1), (4) (5), (6), by with holding public Information, Agency
Rules, opinions, orders, records, proceeding, Implementation, Interpret and
prescribe Laws, policy, describe the organization, procedure, practice requirement
of agencies future of Rates, wages, corporate OR financial structure, reorganization
thereof, price, facilities, appliance, service OR allowance

And of S. Usec, 552 (a) (1) (A), (B) (C) (D) (E), (2) (A) (B) (C) (D) (E)

Send copies to Plaintiff whom us a paralegal researching technology
Law, whom the defendant Federal communication commission has been
Authorized by the U.S. Congress to make Rules and regulation for the the
technology

The technology that the Federal communication commission govern
consist of Companies:
1. Time WARNER INC, New York, NY, Media, entertainment, publishing
2. VERIZON, Basking Ridge, NJ, Telecommunication
3. AT&T, San Antonio, TX, Telecommunication, telephony & wireless
4. XEROX corp. Stamford, CT, Computer and office Equipment
5. comcast philadelphia Pa, cable and Communication
6. Pitney Bowes Inc., Stamford, CT, computer, office equipment.
7. IBM, Armonk, NY, Information Technology
8. Texas Instrument, Dallas, Technology
9. Radio One, Inc Lanham B.MD, Radio broadcasting and other media
10. HARPO INC, chicago, IL, television and film production, online media
11. Johnson Publishing Co. Chicago IL, TV production.
12. Converge Peabody, MA, Distribution of electronic component &
components & computer products
13. RS information systems Inc., Mclean, VA, systems, engineering & information Technology
14. Dimensions International Inc. Alexandria, information technology
15. trillion Communication corp. Bessemer, Al, telecommunication
16 calhoun enterprises, montgomery Al, telecommunication
17. communication Technologies Inc. Chantilly, VA, Global telecommunication
18. management & Engineering technologies International Inc, El Paso, Engineer technology
19. ICBC Broadcast holding Inc., New York, NY, Radio Broadcasting
20. Tec-masters, Inc Huntsville Al — aerospace technology
21. Paradigm Holding Inc. Rockville, MD, Information technology

22. Earl G. Graves Ltd , New York, NY, Radio & television programming

23. Roberts Broadcasting Co. St. Louis, MO , television and radio broadcasting

24. Blackwell consulting service  Chicago,  information technology consulting

The FCC ( Federal communication commission) withheld information to send to the Plaintiff, consisting of:

1. Radio spectrum available to mobile telecommunication, under the telecommunication act of 1996, nor make available the F.C.C.R copies of, nor provides case of Sprint telephony PCS. L.P. & and Pacific Bell wireless LLC V. County of san Diego: Greg cox, D.C. No CV-03-1398-BTM (Oct 26, 2006).
and Linear technology corp. V. applied material. super ct. No. Cv 806004, as well as Uiacom, cases

See Exhibit B, letter by Sprint, here. Plaintiff is requesting from the defendant, Federal communication commission information about sprints services with the Plaintiff in a Lawsoit and file with the Federal communication commission about the violation sprint cause, instead the defendants Federal communication commission withheld to make available to the Plaintiff the information.

## Grounds

Defendant Federal communication commission withheld information to make available to the Plaintiff violation of 8 title 5. USC 551 (1)(4)(5) and title 5 U.S.C 552 (a)(1)(A), (B)(C), (D) (E), (2)(A)(B)(C)(D)(E)

## prayer for relief

1. Grant Plaintiff motion, and denied the defendant motion to dismiss complaint

2. Grant summary judgment in favor of the Plaintiff, baseupon attached affidavit

3. Move case for Pre-trial discovery

4.

4. Grant Plaintiff, the ability to establish a cable television network through
the defendant Federal communication commission while proceeding
to jury trial

~~Date~~        I declare under penalty of perjury that the foregoing is
              true and correct

Dated: July 5 2007                              respectfully submitted

Supplement to the defendants
motion to Dismiss summary judgment

Keith Thomas
Cdc T-67081
CSP-Sacramento
FAC Cell-127
P.O. Box 290001
Represa, CA. 95671

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Keith Thomas                         civil action No. 07-69 (CKK)
        Plaintiff                    motion:

V                                            Affidavit

Federal Communication
Commission
              Defendant

Plaintiff herein allege that the Plaintiff is in state prison in california, and is without the means of filing a defensable memorandum of Law, for the moving of the summary Judgment, pre trial discovery and jury trial, because the Plaintiff is a Layman without the Knowledge to prepare a defence because of the circumstance within the prison facility of administrative segregation unit where the Plaintiff only attend the Law Library once a week, for an one hour and 30 minute, it's without enough time for Plaintiff to research the correct Law under the Federal Freedom of information act, and cite Federal communication commission Rules that pertain to the Plaintiff.

   The Plaintiff has written letter of request for the F.C.C.R. to deal with companies, see Exhibit B. sprints letter, whom Refuse to make available copies of the F.C.R and F.C.C.R handbook, and other publications, news letters to the Plaintiff. The Plaintiff can obtain a list of outgoing mail that the prison mail record to show that Plaintiff has written to the defendant Federal communication commission. The Plaintiff request to establish a cable network television system, whom defendant Federal communication commission withhedd the information and refuse to make available to the Plaintiff the information what other mean can the Plaintiff obtain this information while in prison.