UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Keith Thomas, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 07-0069 (CKK) |
| | : | |
| Federal Communications Commission, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OPINION

In this civil action filed *pro se*, plaintiff alleges that he requested from defendant Federal Communications Commission ("FCC") "a copy of the C.F.R. and F.C.C.R." addressing "the matter of telephone, radio and cable television operation." Compl. at 2. He claims that he has been denied his "right to obtain a copy of the [regulations] through the Freedom of Information Act."[1] *Id*. Defendant moves to dismiss pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure or for summary judgment pursuant to Rule 56(c) on the ground that plaintiff failed to exhaust his administrative remedies by submitting a proper FOIA request. Plaintiff cross moves for dispositive relief. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion for summary judgment and will deny plaintiff's cross motion to dismiss or for summary judgment.

I. LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In responding to a properly supported motion for summary judgment, "an opposing party may not

---

[1] *See* Order of January 12, 2007 [Dkt. No. 5], dismissing all other asserted claims.

rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).  In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe ". . . the justifications for nondisclosure [of records] with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Such declarations are accorded "a presumption of good faith."  *Long v. United States Dep't of Justice*, 450 F. Supp.2d 42, 54 (D.D.C. 2006).

## II.  DISCUSSION

Under the FOIA, "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . .  shall make the records promptly available to any person."  5 U.S.C. § 552 (a)(3)(A). An agency's obligation under the FOIA does not arise, however, until a proper request is received.  *See* 5 U.S.C. § 552 (a)(6)(A)(i) (requiring an agency to "to determine within twenty days after the receipt" of a properly submitted request "whether to comply with the request" and to notify the requester accordingly).  The FOIA authorizes the court "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980).

Plaintiff contends that a genuine issue exists "because the defendant withheld . . . copies of Rules, Rulemaking and public information; agency rules, opinions, orders, records and

proceeding . . . ," Pl.'s Mot. [Dkt. No. 17], Mem. of P. & A. at 3,[2] but it is unclear from the complaint whether plaintiff had even requested such documents.  Although plaintiff claims that he "has sent more than one letter to the defendant" from the California state prison where he is confined,  Mem. at 1, he has not produced a copy of the FOIA request purportedly at issue or specified when it was submitted to the agency, nor has plaintiff credibly refuted defendant's reasonable conclusion drawn from a search of its files that it did not receive a FOIA request from plaintiff.[3]  See Def.'s Motion, Ex. 1 (Declaration of Shoko B. Hair ¶¶ 2-4).

In the absence of any evidence that plaintiff submitted a proper FOIA request to which defendant would have been obligated to respond, the Court concludes that defendant is entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

DATE: February 25, 2008

_____s/s_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[2]   Captioned, "Plaintiff object and allege untrue and denied the Defendant's Statement of material facts as to which there is no Genuine issue", the Court liberally construes this filing as plaintiff's memorandum of points and authorities.

[3]   Defendant acknowledges a letter from plaintiff dated December 13, 2005, to which it had responded by letter of January 4, 2006.  Def.'s Mot., Declaration of Tom D. Shirley, Ex. 2. In the letter, plaintiff requested printed information "about obtaining a FCC license for radio and cable network."  Id., Ex. 1.  Defendant did not process the letter as a FOIA request but treated it instead  as "a request for information and/or a general inquiry properly directed to [the FCC's Consumer and Governmental Affairs Bureau]."  Hair Decl. ¶ 5.  Plaintiff does not challenge defendant's characterization of the letter as a general inquiry and its response thereto; nor is there any indication in the record that plaintiff challenged this action at the administrative level.  The Court therefore does not find these events particularly relevant to the issue at hand.